# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 23-183 |
| v. | * | SECTION: "T" |
| | * | |
| JAVAN ROBINSON<br>a/k/a "Diddy"<br>a/k/a "Jevan Robinson" | | |
| * | * | * |

## FACTUAL BASIS

The defendant, **JAVAN ROBINSON (ROBINSON)**, a/k/a "Diddy," a/k/a "Jevan Robinson," has agreed to plead guilty as charged to Counts one through seven of the Indictment. Count one charges the defendant with conspiracy to distribute and possess with intent to distribute a quantity of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846. Count two charges the defendant with distribution of a quantity of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C). Count three charges the defendant with possession with intent to distribute a quantity of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C). Count four charges the defendant with possession of firearms in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A). Count five charges the defendant with being a felon in possession of firearms, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 924(e)(2). Counts six and seven both charge the defendant with distribution of a quantity of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).



AUSA
Defendant
Defense Counsel

Should this matter have proceeded to trial, the United States of America would have proven, through the introduction of relevant, competent, and admissible testimonial, physical and demonstrative evidence, the following facts beyond a reasonable doubt to support the allegations in the Indictment now pending against the defendant. Unless stated otherwise, all of the facts set forth herein occurred within the Eastern District of Louisiana.

The New Orleans Police Department (NOPD) received a Crimestoppers Tip in reference to ROBINSON and Michele COLEMAN (COLEMAN), where they lived, the vehicles they drove, the location where they sold cocaine, how much they bought, and that they both carried firearms. In September of 2022, agents learned COLEMAN had a vehicle registered at 8653 Curran Boulevard, located in New Orleans East. While doing surveillance at that address, agents observed a vehicle registered to ROBINSON parked at that address and observed both ROBINSON and COLEMAN exit that address.

On September 21, 2022, agents collected a bag of trash that was left on the street in front of 8653 Curran Boulevard. Inside the trash can was one bag of trash that contained several empty sandwich bags and a razor blade. Several of the sandwich bags had cut corners and one contained white residue. The residue was field tested and tested positive for cocaine.

On September 22, 2022, agents with the Federal Bureau of Investigation (FBI) and members of the New Orleans Gang Task Force (NOGTF) set up a controlled purchase between a Controlled Source (CS-1) and ROBINSON. Agents set up surveillance at 8653 Curran Blvd and observed ROBINSON and COLEMAN both leave in separate vehicles. Agents followed ROBINSON to the area of Reverand John Raphael Way and Josephine Street. CS-1 was given $160 of recorded funds and was equipped with an audio/video recording device. CS-1 parked near the canopy where ROBINSON was standing and approached ROBINSON. ROBINSON went near

2

AUSA 
Defendant
Defense Counsel

the stairs behind 2336 Josephine Street and then met back with CS-1. CS-1 left and went to a different location on Reverand John Raphael Way. COLEMAN arrived and parked in front of 2011 Reverand John Raphael Way and used a key to enter the location with an unknown male who had been waiting on the street. ROBINSON was observed entering 2011 Reverand John Raphael Way a few minutes later.

CS-1 purchased twelve (12) bags of cocaine (2.7 grams) from ROBINSON for $100.00 U.S. Currency. One bag was tested at the Jefferson Parish Sheriff's Office Crime Laboratory, and it tested positive for cocaine. ROBINSON gave CS-1 his phone number – 225-433-7413. CS-1 called the number and COLEMAN answered the phone. CS-1 stated he/she would need some more "shoes" from Diddy, and COLEMAN said, "alright."

Based on surveillance and the purchase of cocaine between ROBINSON and CS-1, agents believed further evidence of narcotics trafficking were being secreted within 8653 Curran Boulevard and 2011 Reverand John Raphael Way. Agents applied for and received search warrants for both residences.

On September 28, 2022, agents executed a search warrant at 8653 Curran Boulevard. After maintaining surveillance and having not observed ROBINSON or COLEMAN at the residence, agents elected to execute the warrant. No occupants were located within the residence and the search yielded the recovery of narcotics and firearms.

Specifically, three (3) 9mm firearms were recovered from underneath the bed pillow in the master bedroom, a SCCY Industries Model CPX-2, 9mm semi-automatic handgun, bearing serial number C116062, a Smith and Wesson Model M&P 9 Shield, 9mm semi-automatic handgun, bearing serial number HVM7681, and a Taurus Model PT 111 G2, 9mm semi-automatic handgun, bearing serial number TKM47394. Each firearm contained a magazine that contained multiple



AUSA
Defendant
Defense Counsel

9mm rounds. In the master bedroom, agents also located ten (10) multi-colored tablets of methamphetamine (1.31g), (2) plastic bags that contained suspected marijuana, COLEMAN's driver's license, $105,770.86 U.S. Currency within several sandwich bags, boxes, and plastic bags, and two (2) pieces of mail in ROBINSON's name with the Curran Boulevard address on it.

In the kitchen, agents recovered a clear plastic bag containing a white brick substance and white powdery substance that field tested positive for cocaine (63.2g) and a clear plastic bag containing an off-white rock-like substance that field tested positive for crack cocaine (62.07g) inside a black drawstring bag on the floor under the kitchen table. On top the kitchen table, agents recovered a USPS delivery bag from Ebay with COLEMAN's name on it and the Curran Boulevard address that contained several small plastic bags, four (4) medium sized plastic bags containing numerous smaller Ziploc bags, and one (1) digital scale. The cocaine was tested at the NOPD Scientific Criminal Investigations Section, and both tested positive for cocaine. Agents also observed that some of the small plastic baggies recovered from 8653 Curran Boulevard had the same yellow marking as the ones ROBINSON sold to CS-1 on September 22, 2022.

A search warrant was also executed at 2011 Reverend John Raphael Way. In the master bedroom, agents located one (1) clear plastic bag containing four (4) bags of cocaine (0.32 grams), $140 U.S. currency, and a digital scale with residue. In the front room, agents located one baggie containing methamphetamine (0.25 grams). In the kitchen, agents located a pill bottle containing four bags of cocaine (0.35 grams). The narcotics were tested at the NOPD Scientific Criminal Investigations Section and tested positive for cocaine and methamphetamine.

It was learned that ROBINSON and COLEMAN were out of the country on a cruise at the time of the execution of the search warrant. Agents were unable to ascertain any viable employment by either ROBINSON or COLEMAN. Based on discovery of three firearms,

4



AUSA
Defendant
Defense Counsel

approximately 125.94 grams of cocaine, packaging supplies, and $105,770.86, agents applied for an arrest warrant for the arrest of ROBINSON and COLEMAN. On October 6, 2022, ROBINSON was arrested at the intersection of Reverand John Raphael Way and Josephine Street.

After ROBINSON bonded out of jail FBI agents continued their investigation and surveillance of ROBINSON and COLEMAN. Through the use of pole camera surveillance video, agents observed ROBINSON and COLEMAN continue to drive to 2011 Reverand John Raphael Way and meet with drug purchasers. ROBINSON continued to distribute to customers while COLEMAN remained in the same area with ROBINSON and conversed with the buyers. On June 6, 2023, FBI agents and members of the NOGTF set up a purchase between a Controlled Source (CS-2) and ROBINSON. CS-2 arrived at the intersection of Reverand John Raphael Way and Josephine Street, approached a Toyota, and spoke with the black male in the Toyota who was known as "Sugarman's son," Rodney Robinson, Jr. CS-2 asked Robinson Jr. where he could get some "hard", meaning crack cocaine, and Robinson Jr. said, "my uncle do" and pointed across the street. CS-2 walked across the street and Robinson Jr. yelled to CS-2, "tell him you want hard."

CS-2 and Robinson Jr. both walked towards ROBINSON as ROBINSON was already retrieving the cocaine that was underneath the stairs (the same stairs from the September 22, 2022 distribution). ROBINSON asked Robinson Jr. if he knew CS-2 and Robinson Jr. said, "yeah I know him. Think I'm going to bring someone to you I don't know?" ROBINSON handed CS-2 four (4) bags of cocaine (0.9 grams) that had black Club logos on them, and CS-2 handed ROBINSON $60.00. Agents immediately recognized the same baggies located during the execution of the search warrant at 2011 Reverand John Raphael Way on September 28, 2022.

On June 27, 2023, FBI agents and members of the NOGTF set up another purchase between CS-2 and ROBINSON. CS-2 met with ROBINSON near the corner of Reverand John Raphael



AUSA
Defendant
Defense Counsel

Way and Josephine Street. ROBINSON gave CS-2 three (3) small Ziploc bags containing cocaine and a loose crack rock (total 1.1 grams) and CS-2 gave ROBINSON $60.00. Agents immediately recognized the same baggies during the June 6, 2023 purchase and the same baggies located during the execution of the search warrant at 8653 Curran Boulevard.

ROBINSON admits he possessed the SCCY Industries Model CPX-2, 9mm semi-automatic handgun, the Smith and Wesson Model M&P 9 Shield, 9mm semi-automatic handgun, and the Taurus Model PT 111 G2, 9mm semi-automatic handgun, while knowing he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year. ROBINSON was convicted in case number 377-934 "E" and on July 17, 1996, ROBINSON was sentenced in the 41st Judicial District Court, Parish of Orleans, to twenty (20) years at hard labor in the Louisiana Department of Corrections for the offense of Possession with the Intent to Distribute Cocaine. ROBINSON was convicted in case number 375-381 "E" and on August 13, 1996, ROBINSON was sentenced in the 41st Judicial District Court, Parish of Orleans, to twenty (20) years at hard labor in the Louisiana Department of Corrections for the offense of Possession with the Intent to Distribute Cocaine. ROBINSON was convicted in case number 375-997 "E" and on August 13, 1996, ROBINSON was sentenced in the 41st Judicial District Court, Parish of Orleans, to twenty (20) years at hard labor in the Louisiana Department of Corrections for the offense of Possession with the Intent to Distribute Cocaine. In addition, all of these convictions involved incidents that occurred on occasions different from one another.

An ATF expert would testify that the SCCY Industries Model CPX-2, 9mm semi-automatic handgun, the Smith and Wesson Model M&P 9 Shield, 9mm semi-automatic handgun, and the Taurus Model PT 111 G2, 9mm semi-automatic handgun possessed by ROBINSON on September 28, 2022, were not manufactured in Louisiana. As a result, the weapons necessarily had been

AUSA 
Defendant
Defense Counsel

shipped and transported in interstate commerce prior to them being possessed by ROBINSON in the Eastern District of Louisiana. The weapons also all qualify as "firearms" as that term is defined in relevant portions of federal law.

ROBINSON admits he distributed cocaine on three separate occasions and possessed with intent to distribute the cocaine recovered from both residences. ROBINSON also admits that he possessed all three firearms in furtherance of his drug trafficking crimes.

## LIMITED NATURE OF FACTUAL BASIS

This proffer of evidence is not intended to constitute a complete statement of all facts known by ROBINSON or the government, but rather is a minimum statement of facts intended to prove the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for ROBINSON's plea of guilty to the charged offenses in Counts one through seven of the Indictment.

_____  4-16-24
LYNN E. SCHIFFMAN         (Date)
Assistant United States Attorney

_____  4/16/24
EDDIE J. JORDAN, JR.       (Date)
Attorney for Defendant

_____  4-16-24
JAVAN ROBINSON             (Date)
Defendant